# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| SHOEI CHEMICAL INC. AND SHOEI ELECTRONIC MATERIALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NANOCO TECHNOLOGIES LTD., <br><br> Defendant. | Civil Action No: 1:25-cv-2135 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Shoei Chemical Inc. ("Shoei Chemical") and Shoei Electronic Materials, Inc. ("SEMI") (collectively, "Shoei") bring this Complaint against Nanoco Technologies Ltd. ("Nanoco") and allege as follows:

## NATURE OF THIS ACTION

1. This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

2. Nanoco contends that it is the sole owner of, and possesses all rights, interests, and title of U.S. Patent Nos. 7,588,828 ("'828 patent"), 7,803,423 ("'423 patent"), 7,867,557 ("'557 patent"), and 8,524,365 ("'365 patent") (collectively, "the Patents-in-Suit"). *See Nanoco Techs. Ltd. v. LG Elecs. Inc. and LG Elecs. U.S.A., Inc.*, No. 2:25-cv-431, Dkt. 1 ¶ 2 (E.D. Tex. Apr. 24, 2025) ("LGE Complaint"). True and correct copies of the '828 patent, the '423 patent, the '557 patent, and the '365 patent are attached as Exhibits A-D, respectively.

3. Shoei requests relief because Nanoco has made clear to Shoei through prior litigation that it believes Shoei infringes at least one claim of each of the Patents-in-Suit, creating an actual controversy between Shoei and Nanoco.

4. Shoei has not infringed and is not infringing, literally or under the doctrine of equivalents, directly, indirectly, or otherwise, any claim of the Patents-in-Suit. Shoei therefore seeks a declaratory judgment of non-infringement of the Patents-in-Suit.

## PARTIES

5. Established in 1956, Plaintiff Shoei Chemical is a company organized and existing under the laws of Japan with its headquarters located at Shinjuku Mitsui Building, 1-1 Nishi Shinjuku 2-chome, Shinjuku-ku, Tokyo 163-0443, Japan. Shoei Chemical manufactures and sells various materials used in the manufacture of electronic devices and components, including quantum dots ("QDs"). Shoei Chemical is a world-leading supplier of nanoscale electronic materials, including QDs, for the electronics market.

6. Established in 1993, Plaintiff SEMI is a company organized and existing under the laws of Delaware with a headquarters located at 233 South Hillview Drive, Milpitas, California, 95035. SEMI is a U.S. subsidiary of Shoei Chemical. SEMI conducts research and development for Shoei Chemical in support of Shoei Chemical's QD technology, and assists with developing, marketing, and selling Shoei Chemical's QD technology. SEMI has also sold and/or offered for sale QDs in the United States that were made using Shoei Chemical's methods. SEMI is also the importer of record of certain QDs for U.S. customers where Shoei Chemical has made the sales and/or offers for sale.

7. On information and belief, Defendant Nanoco was founded in 2001, and is now a corporation organized and existing under the laws of the United Kingdom with a principal place

of business at Science Centre, The Heath Business & Technical Park, Runcorn, WA7 4QX, United Kingdom.

## JURISDICTION AND VENUE

8. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

9. The Court has subject matter jurisdiction over this action under at least 28 U.S.C. §§ 1331, 1338(a) and 2201(a). Actions for declaratory judgment of non-infringement arise under federal patent law, 35 U.S.C. § 1, *et seq.*

10. Personal jurisdiction over Nanoco is proper in this Court pursuant to 35 U.S.C. § 293. Section 293 provides that in cases involving a "patentee not residing in the United States" who has not filed "a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder," the United States District Court for the Eastern District of Virginia "shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court." 35 U.S.C. § 293.

11. Nanoco claims to be the sole owner of, and possesses all rights, interests, and title of the Patents-in-Suit. *See, e.g.*, LGE Complaint ¶ 2. On information and belief, Nanoco is a "patentee not residing in the United States" under Section 293 because it is a U.K. corporation. On further information and belief, Nanoco has not provided "a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder." 35 U.S.C. § 293. Nanoco is therefore subject to this Court's personal jurisdiction under Section 293.

12. An actual controversy exists between Shoei and Nanoco as to the non-infringement of the Patents-in-Suit. Nanoco claims to be the sole owner of, and possesses all rights, interests,

3

and title of the Patents-in-Suit. *See* LGE Complaint ¶ 2. Nanoco has made statements alleging that Shoei infringes at least one claim of each of the Patents-in-Suit. Shoei has not infringed and is not infringing, literally or under the doctrine of equivalents, directly, indirectly, or otherwise, any claim of the Patents-in-Suit. Thus, an actual controversy exists between Shoei and Nanoco because they have a substantial controversy which is of sufficient immediacy and reality to warrant declaratory relief.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Nanoco is subject to personal jurisdiction in this Court under 35 U.S.C. § 293.

## FACTUAL BACKGROUND

14. This declaratory judgment action arises from statements Nanoco made in a prior case alleging that Shoei infringes the Patents-in-Suit. In particular, on April 24, 2025, Nanoco sued Shoei's customers, LG Electronics Inc. ("LGEKR") and LG Electronics U.S.A., Inc. ("LGEUS") (collectively, "LGE"), in the United States District Court for the Eastern District of Texas ("the LGE Case"). The LGE Case was voluntarily dismissed due to settlement between Nanoco and LGE. *See Nanoco Techs. Ltd. v. LG Elecs. Inc. and LG Elecs. U.S.A., Inc.*, No. 2:25-cv-431, Dkt. 40 (E.D. Tex. Nov. 21, 2025).

15. In the LGE Complaint, Nanoco alleged that LGE infringed the Patents-in-Suit by "making, using, selling, offering for sale, and/or importing, and/or inducing one another and their respective subsidiaries, affiliates, distributors, suppliers, retail partners, and customers in the making, using, selling, offering for sale, and/or importing throughout the United States, including within this District, LGE and LGEUS products (*e.g.*, TVs, monitors, laptops, tablets, mobile phones) comprising Quantum Dots (the '[LGE] Accused Products')." LGE Complaint ¶ 6. Specifically, as one example, Nanoco alleged that LGE "directly infringed and is currently infringing, literally and/or under the doctrine of equivalents, at least one claim of" the Patents-in-

4

Suit "by, among other things, making, using, selling, offering to sell, and/or importing within this District and elsewhere in the United States, without authority, the [LGE] Accused Products." *Id.* ¶¶ 68, 100, 131, 164.

16. Shoei manufactures QDs ("Accused Products"), using Shoei Chemical's methods of manufacturing ("Accused Methods"), that are used in, for example, certain LGE products that Nanoco accused of infringing the Patents-in-Suit in the LGE Case. In the LGE Complaint, Nanoco referred extensively to Shoei's Accused Products and Accused Methods to allege that LGE infringes the Patents-in-Suit. *See, e.g.*, LGE Complaint ¶¶ 70-83 ('828 patent), 102-115 ('365 patent), 133-148 ('423 patent), 166-186 ('557 patent). In other words, Nanoco's allegations of infringement of the Patents-in-Suit in the LGE Case were premised on LGE's alleged use and/or incorporation of Shoei's Accused Products made with Shoei's Accused Methods in LGE products.

17. On August 29, 2025, LGE moved to transfer the LGE Case to the United States District Court for the Northern District of California supported by a declaration from SEMI's Co-Chief Executive Officer and Assistant Secretary, Martin Devenney ("Devenney declaration").

18. In the motion to transfer and Devenney declaration, LGE and SEMI put Nanoco on notice that Shoei was a manufacturer of the QDs that Nanoco was accusing of infringement in the LGE Case, which are incorporated into certain LGE products accused in that same case.

19. On September 16, 2025, Nanoco served on LGE its Preliminary Infringement Contentions and claim charts (collectively, "PICs") in the LGE Case. In those PICs, Nanoco explained the bases for its allegations that LGE's accused products—some of which included Shoei's QDs—infringed certain claims of the Patents-in-Suit. Nanoco also extensively referenced Shoei's Accused Products and Accused Methods in its PICs to allege that LGE infringes the

5

Patents-in-Suit. And, in its PICs, Nanoco expressly referenced several Shoei patent publications as purported evidence of alleged infringement.

20. In connection with venue discovery in the LGE Case, Nanoco further targeted Shoei to support its infringement allegations. For example, on October 2, 2025, Nanoco served a notice of deposition on SEMI's Co-Chief Executive Officer and Assistant Secretary, Mr. Devenney. Nanoco also served interrogatories and document requests that expressly referenced Shoei and requested information exclusively within Shoei's possession, custody, or control. *See, e.g.*, Ex. E (Nanoco's Sept. 26, 2025 Interr.) at No. 1 ("Identify patent or technology agreements (including but not limited to licenses) to which You, Shoei, and/or Nanosys is a party or intended beneficiary relating to LG's Accused Products and/or quantum dot technologies."), No. 6 ("Describe in detail the people involved in the development of Shoei QD Technology prior to September 2023…"), and No. 7 ("Identify all manufacturing runs performed in Milpitas, California after September 2023 using Shoei's QD Technology that resulted in quantum dots incorporated into an LG Accused Product sold in the United States, including the type and quantity of quantum dot synthesized, the date(s) of synthesis, the party to whom the quantum dots were shipped, and the LG Accused Product into which the quantum dots were ultimately incorporated."); and Ex. F (Nanoco's Sept. 26, 2025 Document Requests) at No. 4 ("Documents and communications evidencing the relationship between LG and any of its QD Suppliers…"), No. 6 ("Shipping and inventory records for quantum dots manufactured using Shoei's QD Technology that were ultimately incorporated into an LG Accused Product."), and No. 7 ("Documents maintained by SEMI 'regarding . . . the supply chain for LG's QNED products[.]'…").

21. Shoei continues to manufacture and sell QDs made by the Accused Methods for use in products other than LGE products. These products are sold in the United States, and include QDs that are supplied as research and development samples and for use in commercial products.

22. In sum, all of the circumstances described above show that there is a substantial controversy between Shoei and Nanoco regarding Shoei's alleged infringement of the Patents-in-Suit of sufficient immediacy and reality to warrant relief.

## COUNT I:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '828 PATENT

23. Shoei incorporates by reference the allegations in paragraphs 1 through 22 above as though fully set forth herein.

24. As described above, Nanoco alleges that the manufacture, sale, offer for sale, use, and/or importation of products that include Shoei's Accused Products in the United States infringe the '828 patent.

25. For example, in the LGE Complaint and PICs in the LGE Case, Nanoco identified claims 1, 3-5, and 8-14 of the '828 patent as claims that were allegedly infringed and continued to be infringed. LGE Complaint ¶¶ 64-95.

26. The '828 patent recites 14 claims, two of which are independent (claims 1 and 14).

27. Independent claim 1 of the '828 patent recites:

> 1. A nanoparticle comprising:
> (i) a molecular cluster compound incorporating ions from groups 12 and 16 of the periodic table, and
> (ii) a core semiconductor material provided on said molecular cluster compound,
> wherein the core semiconductor material incorporates ions from groups 13 and 15 of the periodic table.

28. Independent claim 14 of the '828 patent recites:

> 14. A method of producing nanoparticles, the method comprising the steps of:

7

> providing a nanoparticle precursor composition compris-
> ing group 13 ions and group 15 ions; and
> effecting conversion of the nanoparticle precursor into
> nanoparticles,
> wherein said conversion is effected in the presence of a
> molecular cluster compound incorporating group 12
> ions and group 16 ions under conditions permitting
> nanoparticle seeding and growth.

29. Shoei has not infringed and is not infringing, literally or under the doctrine of equivalents, directly, indirectly, or otherwise, any claim of the '828 patent, at least because Shoei's Accused Products and Accused Methods do not have all elements recited in either independent claim of the '828 patent. For example, neither Shoei's Accused Products nor Shoei's Accused Methods have "a molecular cluster compound" as recited in both independent claims of the '828 patent.

30. As a result, Shoei does not infringe any claim of the '828 patent.

31. Shoei is entitled to a declaratory judgment that Shoei's Accused Products and Accused Methods do not infringe and have not infringed any claim of the '828 patent.

32. Shoei is also entitled to a declaratory judgment that any use and/or importation of Shoei's Accused Products by its customers and/or suppliers does not infringe and have not infringed any claim of the '828 patent.

## COUNT II:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '423 PATENT

33. Shoei incorporates by reference the allegations in paragraphs 1 through 32 above as though fully set forth herein.

34. As described above, Nanoco alleges that the manufacture, sale, offer for sale, use, and/or importation of products that include Shoei's Accused Products in the United States infringe the '423 patent.

35. For example, in the LGE Complaint and PICs in the LGE case, Nanoco identified claims 1, 4, 6-8, 12, 14-16, 22, 24, and 25 of the '423 patent as claims that were allegedly infringed and continued to be infringed. LGE Complaint ¶¶ 127-159.

36. The '423 patent recites 25 claims, two of which are independent (claims 1 and 25).

37. Independent claim 1 of the '423 patent recites:

> 1. A method of producing nanoparticles comprising:
> effecting conversion of a nanoparticle precursor composition to a material of the nanoparticles, said precursor composition comprising a first precursor species containing a first ion to be incorporated into the nanoparticles and a separate second precursor species containing a second ion to be incorporated into the nanoparticles,
> wherein said conversion is effected in the presence of a molecular cluster compound different from the first precursor species and the second precursor species under conditions permitting seeding and growth of the nanoparticles.

38. Independent claim 25 of the '423 patent recites:

> 25. A method of producing nanoparticles comprising effecting conversion of a nanoparticle precursor composition to a material of the nanoparticles, said precursor composition comprising a first precursor species containing a first ion to be incorporated into the nanoparticles and a separate second precursor species containing a second ion to be incorporated into the nanoparticles, said conversion being effected in the presence of a molecular cluster compound different from the first precursor species and the second precursor species under conditions permitting seeding and growth of the nanoparticles, wherein the molecular cluster compound and nanoparticle precursor composition are dissolved in a solvent at a first temperature to form a solution and the temperature of the solution is then increased to a second temperature which is sufficient to initiate seeding and growth of the nanoparticles on the molecular clusters of said compound.

39. Shoei has not infringed and is not infringing, literally or under the doctrine of equivalents, directly, indirectly, or otherwise, any claim of the '423 patent, at least because Shoei's Accused Products and Accused Methods do not have all elements recited in either independent

9

claim of the '423 patent. For example, neither Shoei's Accused Products nor Shoei's Accused Methods have "a molecular cluster compound" as recited in both independent claims of the '423 patent.

40. As a result, Shoei does not infringe any claim of the '423 patent.

41. Shoei is entitled to a declaratory judgment that Shoei's Accused Products and Accused Methods do not infringe and have not infringed any claim of the '423 patent.

42. Shoei is also entitled to a declaratory judgment that any use and/or importation of Shoei's Accused Products by its customers and/or suppliers does not infringe and have not infringed any claim of the '423 patent.

## COUNT III:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '557 PATENT

43. Shoei incorporates by reference the allegations in paragraphs 1 through 42 above as though fully set forth herein.

44. As described above, Nanoco alleges that the manufacture, sale, offer for sale, use, and/or importation of products that include Shoei's Accused Products in the United States infringe the '557 patent.

45. For example, in the LGE Complaint and PICs from the LGE Case, Nanoco identified claims 1, 4, and 6 of the '557 patent as claims that were allegedly infringed and continued to be infringed. LGE Complaint ¶¶ 160-197.

46. The '557 patent recites 17 claims, one of which is independent (claim 1).

47. Independent claim 1 of the '557 patent recites:

> 1. A method for producing a nanoparticle comprised of a core comprising a core semiconductor material, a first layer comprising a first semiconductor material provided on said core and a second layer comprising a second semiconductor material provided on said first layer, said core semiconductor

> material being different to said first semiconductor material and said first semiconductor material being different to said second semiconductor material, the method comprising:
> effecting conversion of a nanoparticle core precursor composition to the material of the nanoparticle core;
> depositing said first layer on said core; and
> depositing said second layer on said first layer, said core precursor composition comprising a first precursor species containing a first ion to be incorporated into the growing nanoparticle core and a separate second precursor species containing a second ion to be incorporated into the growing nanoparticle core,
> said conversion being effected in the presence of a molecular cluster compound different from the nanoparticle core precursor composition.

48. Shoei has not infringed and is not infringing, literally or under the doctrine of equivalents, directly, indirectly, or otherwise, any claim of the '557 patent, at least because Shoei's Accused Products and Accused Methods do not have all elements recited in the only independent claim of the '557 patent. For example, neither Shoei's Accused Products nor Shoei's Accused Methods have "a molecular cluster compound" as recited in the only independent claim of the '557 patent.

49. As a result, Shoei does not infringe any claim of the '557 patent.

50. Shoei is entitled to a declaratory judgment that Shoei's Accused Products and Accused Methods do not infringe and have not infringed any claim of the '557 patent.

51. Shoei is also entitled to a declaratory judgment that any use and/or importation of Shoei's Accused Products by its customers and/or suppliers does not infringe and have not infringed any claim of the '557 patent.

### COUNT IV:
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '365 PATENT

52. Shoei incorporates by reference the allegations in paragraphs 1 through 51 above as though fully set forth herein.

53. As described above, Nanoco alleges that the manufacture, sale, offer for sale, use, and/or importation of products that include Shoei's Accused Products in the United States infringe the '365 patent.

54. For example, in the LGE Complaint and PICs in the LGE Case, Nanoco identified claims 1-12 and 17-23 of the '365 patent as claims that were allegedly infringed and continued to be infringed.  LGE Complaint ¶¶ 96-126.

55. The '365 patent recites 23 claims, one of which is independent (claim 1).

56. Independent claim 1 of the '365 patent recites:

> 1. A nanoparticle comprising a molecular cluster compound and a core semiconductor material disposed on the molecular cluster compound, wherein the semiconductor material comprises one or more elements not comprised within the molecular cluster compound.

57. Shoei has not infringed and is not infringing, literally or under the doctrine of equivalents, directly, indirectly, or otherwise, any claim of the '365 patent, at least because Shoei's Accused Products do not have all elements recited in the only independent claim of the '365 patent. For example, Shoei's Accused Products do not have "a molecular cluster compound" as recited in the only independent claim of the '365 patent.

58. As a result, Shoei does not infringe any claim of the '365 patent.

59. Shoei is entitled to a declaratory judgment that Shoei's Accused Products do not infringe and have not infringed any claim of the '365 patent.

60. Shoei is also entitled to a declaratory judgment that any use and/or importation of Shoei's Accused Products by its customers and/or suppliers does not infringe and have not infringed any claim of the '365 patent.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Shoei demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Shoei respectfully requests the following relief:

(a) that the Court enter a judgment in favor of Shoei and against Nanoco declaring that Shoei does not infringe and has not infringed any claim of the '828 patent, literally or under the doctrine of equivalents, directly, indirectly, or otherwise;

(b) that the Court enter a judgment in favor of Shoei and against Nanoco declaring that Shoei does not infringe and has not infringed any claim of the '423 patent, literally or under the doctrine of equivalents, directly, indirectly, or otherwise;

(c) that the Court enter a judgment in favor of Shoei and against Nanoco declaring that Shoei does not infringe and has not infringed any claim of the '557 patent, literally or under the doctrine of equivalents, directly, indirectly, or otherwise;

(d) that the Court enter a judgment in favor of Shoei and against Nanoco declaring that Shoei does not infringe and has not infringed any claim of the '365 patent, literally or under the doctrine of equivalents, directly, indirectly, or otherwise;

(e) that the Court enter judgment preliminarily and permanently enjoining and restraining Nanoco and its officers, agents, employees, and all persons acting in concert or participation with Nanoco from asserting that Shoei's direct and indirect customers infringe the '828 patent, '423 patent, '557 patent, and/or '365 patent by virtue of making, using, selling, offering for sale, and/or importing products that contain Shoei's Accused Products;

(f) that the Court find that this is an exceptional case, entitling Shoei to be awarded all of its costs, expenses, and attorneys' fees, together with prejudgment and post-judgment interest; and

(g) that the Court grant Shoei such additional relief, in law or in equity, as the Court deems just and proper.

Dated: November 21, 2025

Respectfully submitted,

*/s/ Inge A. Osman*

Inge A. Osman (VA Bar No. 80772)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
inge.osman@lw.com

Brett M. Sandford (*Pro hac vice* forthcoming)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
brett.sandford@lw.com

Richard G. Frenkel (*Pro hac vice* forthcoming)
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
rick.frenkel@lw.com

Charles H. Sanders (*Pro hac vice* forthcoming)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001

charles.sanders@lw.com

*Attorneys for Plaintiffs*
*Shoei Chemical Inc. and*
*Shoei Electronic Materials, Inc.*